# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. DAWKINS,<br>CDCR #E-40626,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　07-1088 BEN (NLS)<br><br>**ORDER DISMISSING ACTION<br>FOR FAILING TO STATE A<br>CLAIM PURSUANT TO<br>28 U.S.C. § 1915A(b)(1)** |

　　　　Plaintiff, Anthony Dawkins, a state inmate currently incarcerated at High Desert State Prison located in Susanville, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that his First, Eighth and Fourteenth Amendment rights were violated when he was housed at Calipatria State Prison. Plaintiff is not proceeding *In Forma Pauperis* ("IFP") in this matter, but instead, has prepaid the full $350 filing fee mandated by 28 U.S.C. § 1914(a).

**I.　　Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

　　　　As a preliminary matter, 28 U.S.C. § 1915A obligates this Court to review complaints filed by all plaintiffs who are "prisoners" at the time the complaint is filed and who "seek redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Under § 1915A, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim upon which relief may be granted, or which seek

monetary relief from defendants who are immune. *See* 28 U.S.C. § 1915A(b)(1) & (2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447 (citing *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997)). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Nevertheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.    42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.    Fourteenth Amendment Due Process Claims

As currently pleaded, Plaintiff's claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Plaintiff claims he was found guilty of a rules violation at a disciplinary hearing that was based on false accusations and reports generated by Defendants. *See* Compl. at 12.

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). A civil rights claim challenging the legality of a conviction or the length of confinement that has

not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

*Heck* also held that "when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487 (emphasis in original) (footnote omitted). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for damages after the underlying conviction has been invalidated. *Edwards*, 520 U.S. at 649; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

Here, Plaintiff is requesting that the Court find his disciplinary hearing to be declared invalid. However, because that would necessarily implicate the validity of Plaintiff's disciplinary conviction, his Complaint fails to state a claim upon which relief may be granted, and the claim is subject to dismissal without prejudice.[1] *Heck*, 512 U.S. at 486-87.

Plaintiff also claims that his due process rights have been violated. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the

---

[1] The Court will not convert the present action into a habeas petition due to the implications of the abuse of the writ doctrine. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble*, 49 F.3d at 586.

ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his disciplinary conviction which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. In *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Here, Plaintiff has failed to allege how his disciplinary hearing resulted in a placement which was materially different from that previously imposed upon him. He has further failed to allege that the results of the disciplinary hearing created "a major disruption" in his environment. *See id.* Thus, without more, the Court finds that Plaintiff's due process claims fall "within the range of confinement to be normally expected" by prison inmates "in relation to the ordinary incidents of prison life," and as such, are insufficient to state a due process claim upon which relief can be granted. *Id.* at 486-87.

### C. Respondeat Superior

In his Complaint, Plaintiff seeks to hold Defendants Woodford, Ryan, Bourland, Ochoa, and Janda liable in their supervisory capacities. *See* Compl. at 2. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal

connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Woodford, Ryan, Bourland, Ochoa, and Janda.

### D.  Harassment Claims

Plaintiff alleges that he has been subjected to verbal sexual harassment by Defendant Guevara. To the extent that Plaintiff is seeking to hold any of the named Defendants liable for harassing him, he has failed to state a claim. Verbal harassment or verbal abuse by prison officials generally does not constitute a violation of the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446-47. The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend.").

////

**II.    Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  October 10, 2007

_____
Hon. Roger T. Benitez
United States District Judge